# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 1444 | **DATE** | 3/7/2011 |
| **CASE TITLE** | Tarr vs. Rotary International/Rotary Foundation | | |

**DOCKET ENTRY TEXT**

For the reasons stated, the Court denies Tarr's Motion to Proceed *In Forma Pauperis*. The Court also denies without prejudice Tarr's Motion for Appointment of Counsel, which may be presented again later in the proceedings if the circumstances warrant.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff Margaret Tarr ("Tarr") moves to proceed *in forma pauperis* without the full prepayment of filing fees and for appointment of counsel. For the reasons stated below, the Court denies Tarr's Motion to Proceed *In Forma Pauperis* and denies Tarr's Motion for Appointment of Counsel.

Tarr's Complaint alleges employment discrimination and retaliation by her former employer, Defendant Rotary International/Rotary Foundation ("Rotary"), in violation of the Americans with Disabilities Act, Age Discrimination in Employment Act, and Title VII of the Civil Rights Act of 1964. Tarr complained to her supervisor about allergic reactions caused by another employee's fragrance. She alleges that Rotary failed to make adequate accommodations for her ailment. Moreover, Tarr contends that Rotary discriminated against her based on race and created a work environment favoring younger employees.

Pursuant to 28 U.S.C. § 1915(a), the Court may authorize Tarr to proceed *in forma pauperis* if she is unable to pay the mandated court fees. Tarr need not be penniless to proceed *in forma pauperis* under § 1915(a)(1). *See Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980). Instead, she is eligible to proceed *in forma pauperis* if payment of the filing fee will prevent her from providing for life's necessities. *See id*. According to her financial affidavit, Tarr has been unemployed since leaving Rotary in October 2008. In the last year, however, she has received: $1,725 from self-employment; $17,870.20 in pensions, social security, and annuities; $749.75 in interest and dividends; and $12,379 in unemployment assistance. She also has $528.89 in her checking or savings accounts, and no one is dependent on her for support. Even though Tarr is unemployed, the amount of assets she has received shows that she is financially able to pay mandated court fees. The Court therefore denies Tarr's Motion to Proceed *In Forma Pauperis*.

Tarr has also filed a motion for appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1). Civil litigants in federal court do not have a constitutional or statutory right to counsel. *See Johnson v. Doughty,* 433 F.3d

## STATEMENT

1001, 1006 (7th Cir. 2006). Whether to appoint counsel for a civil litigant is a matter left to the district court's discretion. *See Luttrell v. Nickel,* 129 F.3d 933, 936 (7th Cir. 1997). The Court considers whether Tarr has made attempts to secure counsel herself, which she has, and then examines "the difficulty of the plaintiff's claims and the plaintiff's competence to litigate those claims herself." *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007). Tarr's employment discrimination case is fairly straightforward and does not present extraordinary complexities. The facts come from Tarr's first hand experiences, and her Complaint shows a competent knowledge of the applicable legal standards. Tarr is also a college graduate. At this stage, the Court finds that Tarr appears competent to litigate her own claim, and as such denies Tarr's Motion for Appointment of Counsel.

For the reasons stated, the Court denies Tarr's Motion to Proceed *In Forma Pauperis*. The Court also denies without prejudice Tarr's Motion for Appointment of Counsel, which may be presented again later in the proceedings if the circumstances warrant.